UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

PATRICK BROWN and LAURA BENANTI,

                          Plaintiffs,

                          v.

ALL PRO CONTRACTING.,

                          Defendant.

No. 19-CV-10267 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    In October 2015, Plaintiffs Patrick Brown and Laura Benanti contracted with Defendant All Pro Contracting to renovate their Manhattan apartment. Plaintiffs allege that Defendant breached that contract by performing defective work that required subsequent remediation at substantial expense. Defendant has not appeared in this action, and Plaintiffs move for a default judgment. Plaintiffs' motion is granted.

## BACKGROUND

### I. Procedural History

    Plaintiffs initiated this action on November 5, 2019. Defendant was served with a Summons and Complaint on November 20, 2019 by its authorized agent in the New York State Secretary of State's Office. Dkt. 6. On January 31, 2020, Plaintiff informed the Court, in a letter that copied Defendant's counsel, that Defendant had requested an extension of the deadline to answer the complaint. Dkt. 10. Plaintiff sent another such letter on February 20, 2020. Dkt 13. After Defendant failed to enter an appearance by April 15, 2020, the Court issued an order that set deadlines for a default judgment motion. Dkt. 14. On April 25, 2020, the Clerk of Court entered a certificate of default against Defendant. Dkt. 19. Plaintiffs filed the instant motion three days

later.  Dkt. 20 ("Pl. Mot.").  On May 11, 2020 the Court issued an order indicating that, in light of the COVID-19 pandemic, it would resolve this matter without a hearing.  Dkt. 24.  An authorized representative of Defendant was served with Plaintiffs' motion papers and the Court's order on May 21, 2020.  Dkt. 25.  Defendant has not responded to Plaintiffs' motion or otherwise appeared in this action.

## II.     Facts[1]

Plaintiffs Patrick Brown and Laura Benanti are citizens of New York State.  Compl. ¶¶ 9-10.  Defendant All Pro Contracting ("All Pro") is a New Jersey corporation with its principal place of business in that state.  *Id.* ¶ 11.  On October 7, 2015, Plaintiffs and All Pro entered into a contract whereby All Pro agreed to renovate the kitchen, guest and master bathrooms, guest and master bedrooms, and living room of Plaintiffs' residence located at 312 West 119th Street, #3N, New York, New York (the 'Premises").  *See id.* ¶¶ 2, 12, 13.  According to that contract, Plaintiffs were obligated to pay All Pro a total of $100,000 for the renovation work.  *See id.*  ¶ 47.

The Complaint alleges that All Pro's renovation work was defective in numerous ways.  For example, as part of the bathroom renovation, All Pro installed a type of sheetrock that is "not resistant to mold formation," which is unsuitable for the large amount of moisture produced by the master bathroom's steam shower.  *See id.* ¶¶ 14-18.  To rectify the issue, Plaintiffs must remove all bathroom tiling, install mold-resistant sheetrock, and reinstall the bathroom tiles.  *Id*. ¶ 19.  All Pro additionally failed to install an exhaust fan in the guest bathroom, cement board in the showering enclosure, and water-resistant drywall in the bathroom ceiling and shower, as required by the contract.  *Id*. ¶¶ 20-24.  The electrical work performed by All Pro was defective to the point

---

[1] The following facts are drawn from the Complaint, and assumed to be true for purposes of this motion for default judgment.  *See, e.g., Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

of creating several significant safety hazards. *See id.* ¶¶ 25-34. All Pro also failed to properly perform various other aspects of the agreed-upon renovation. *See id.* ¶¶ 36-45. Plaintiffs have incurred numerous additional expenses to correct All Pro's work. *See id.* ¶¶ 35, 39, 42, 45, 46.

In total, Plaintiffs paid All Pro $101,750 for the renovation, accounting for the contract price as well as certain change orders. *See id.* ¶¶ 47-48. To remedy All Pro's defective work, Plaintiffs subsequently retained another contractor at a cost of $49,587.29. *See id.* ¶ 56. Other aspects of All Pro's defective work have yet to be remedied. *Id.* ¶ 57. Plaintiffs estimate that it will cost between $51,500 to $60,500 to completely remedy the defective work in the Premises. *Id.* ¶ 58.

Plaintiffs maintain that these defects constitute a breach of their contract with All Pro and entitle them to compensatory damages. They seek a default judgment in the amount of $112,083.47, plus interest, costs, and disbursements. *See* Dkt. 23.

## DISCUSSION

**I.     Liability**

"[T]he court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Plaintiffs seek a default judgment with respect to all three of the causes of action asserted in their complaint: (1) breach of contract; (2) promissory estoppel; and (3) unjust enrichment. *See* Dkt. 22 at 5. The Complaint, however, alleges liability for promissory estoppel and unjust enrichment "in the alternative." *See* Compl. at 6. The Court does not address the theories of

promissory estoppel or unjust enrichment because it finds that the Complaint establishes liability as a matter of law for the primary cause of action, breach of contract.

To state a claim for breach of contract under New York law, a complaint must "allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted). Accepting as true the allegations in the Complaint, the Court finds that Plaintiffs have stated a claim a breach of contract. All Pro entered into a contract with Plaintiffs in which it agreed to renovate the Premises for a total price of $100,000. *See* Compl. ¶ 47. Whereas Plaintiffs upheld their obligations under the agreement by paying All Pro the agreed-upon sum, All Pro's failure to complete the renovation according to the terms of the contract, in combination with its defective workmanship, constituted a breach. *See id*. ¶¶ 59-64. As a result of All Pro's breach, Plaintiffs incurred the expense of hiring third-parties to remedy those defects. *See id.* ¶¶ 55-58. All Pro is therefore liable to Plaintiffs.

**II.     Damages**

Plaintiffs seek compensatory damages against All Pro in the amount of $112,083.47, as well as pre-judgment interest, costs and disbursements. *See* Dkt. 23. Although a "'party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (*quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is

afforded the opportunity to contest the amount claimed." *Id.* "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A court is required to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

"'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (quoting *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993)).

Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms. *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.,* 500 F.3d 171, 185 (2d Cir. 2007). In contract cases involving deficient construction work, the New York Court of Appeals has long applied the "general rule" that the "measure of damage is the market price of completing or correcting the performance," which applies to cases in which "the variance [between the completed construction and that called for by contract] is so substantial as to render the finished building partially unusable and unsafe." *Bellizzi v. Huntley Estates, Inc.*, 3 N.Y.2d 112, 115, 143 N.E.2d 802, 804 (1957); *see also Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C.*, 91 N.Y.2d 256, 261–62, 692 N.E.2d 551, 553 (1998) ("[T]he appropriate measure of damages is the cost to repair the defects or, if the defects are not remediable, the difference in value between a properly constructed structure and that which was in fact built."). Because the Complaint alleges that the defects in All

Pro render the Premises partially unsafe, *see* Compl. ¶¶ 25, 30, and are remediable, cost-of-completion damages are appropriate.

Plaintiffs have provided sufficient documentary evidence to allow the Court to calculate those damages with reasonable certainty, obviating the need for an inquest on damages. As proof of expenses that have already been incurred to remedy All Pro's defective workmanship, Plaintiffs have produced copies of various check payments made between June 2016 and June 2019 to GEC Design Group, another contractor, totaling $51,583.47, *see* Dkt. 21-10, 21-12, as well as a narrative summary of the remediation project, Dkt. 21-1. Plaintiffs have also submitted an estimate from GEC Design Group, which documents an additional $51,500-$60,500 of pending remedial work. Dkt 21-13. This estimate does not, however, allow the Court to confirm that all aspects of the proposed scope of work are necessary to remedy All Pro's defective work. Furthermore, Plaintiff's estimate of the total cost of remediation—a range between $103,083.47 and $112,083.47—exceeds the total price of the initial contract. Under these circumstances, and in the context of a default judgment, the Court will not authorize an award of cost-of-completion damages that exceeds the price of the breached contract. Compensatory damages shall thus be limited to the price of the initial contract, $101,750.

The awarding and calculation of prejudgment interest is a question of state substantive law. *See, e.g., Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008); *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). "Federal courts exercising diversity jurisdiction must apply the choice of law rules of the forum state, here New York, to determine which state's substantive law applies." *Schwimmer*, 176 F.3d at 650. "Under New York choice of law principles, the allowance of prejudgment interest is controlled by the law of the state whose

law determined liability on the main claim." *Schwartz*, 539 F.3d at 147 (internal quotation marks and alterations omitted).

New York law thus applies to Plaintiffs' claims against All Pro.  Prejudgment interest for contract damages is awarded under New York law as a matter of right.  Pursuant to section 5001 of New York Civil Practice Law and Rules ("CPLR"), "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," CPLR § 5001(a), and "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred," *id.* § 5001(b).  In New York, a breach of contract cause of action accrues at the time of the breach.  *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985 (1993).  CPLR § 5004 sets the rate of prejudgment interest at "nine per centum per annum, except where otherwise provided by statute." Plaintiffs are therefore entitled to prejudgment interest at rate of nine percent from January 15, 2016, the day of All Pro's breach.  *See* Compl. ¶¶ 52-53.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment is granted. Defendant shall pay $101,750 in damages to Plaintiffs, with interest at nine percent for annum from January 15, 2016, plus costs and disbursements totaling $562.40.  The Clerk of Court is respectfully directed to enter judgment in accordance herewith, and close the case.  All motions are terminated.

SO ORDERED.

Dated:   November 13, 2020
         New York, New York

_____
Ronnie Abrams
United States District Judge